UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CR-046 JD |
| | ) | |
| HABIB JIMAMANU BEY | ) | |
| a/k/a MELVIN HILLMAN | ) | |

### ORDER

On February 11, 2013, defendant Habib Jimamanu-Bey, proceeding *pro se*, filed a document titled "MOTION TO DISMISS UNDER TRIAL RULE 41(E) FOR LACK OF PROSECUTION IN ANY SIX (6) MONTHS PERIOD OF TIME." [DE 52]. On February 26, 2013, the government filed a response. [DE 55]. The court is mindful that *pro se* filings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam); *Anderson v. Hardmann*, 241 F.3d 544, 545 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Accordingly, it has attempted to consider each possible basis for the defendant's motion, since the defendant essentially provided none. The court's review has not revealed any potentially meritorious issues, and the defendant's motion is hereby denied.

*1.    Lack of Prosecution*

The defendant's motion consists of three short paragraphs. The first references "trial rule 41(E)" and claims that the case must be dismissed for "lack of prosecution." It is possible that Bey is relying on Indiana Trial Rule 41(E), which concerns the "Failure to prosecute civil actions or comply with rules." Under that rule, when no action has been taken in a civil case for a period of sixty days and no good cause for the inaction has been shown, the court may order a dismissal. But that rule is not applicable to this case. It applies to the state court system of Indiana, not to federal

1

courts. It also only applies to civil cases, and this is a criminal case. Bey might also be referencing Rule 41(b) of the Federal Rules of Civil Procedure, which allows a defendant to move to dismiss an action for failure to prosecute, or Local Rule 41-1, which allows the court to order such a dismissal when notice has been given and when "no activity has occurred in the case for six months[.]" But although they, unlike Indiana Trial Rule 41(E), *are* applicable in this court, Rule 41(b) and Local Rule 41-1 still only apply to civil cases, and this is a criminal case. Moreover, plenty of activity has occurred in this case within the last six months, including several status conferences and a pretrial conference, all of which were attended by both parties. Therefore, the factual premise of Bey's motion is wrong.

In its response, the government generously interpreted Bey's reference to a "lack of prosecution" to be a speedy trial argument. But, as the government noted, the current trial setting is still within the time allotted by the Speedy Trial Act, when all periods of excluded delay are taken into account. Each continuance in this case was supported by: (1) an ends of justice finding consistent with *Bloate v. United States,* 130 S.Ct. 1345, 1357 (2010), or another finding of excludable time under 18 U.S.C. § 3161(h)(1)-(8); (2) a finding that the continuance was justified pursuant to the factors set forth in *United States v. Miller*, 327 F.3d 598, 601 (7th Cir. 2003); and (3) by the defendant's explicit waiver of his speedy trial rights. Moreover, as the government rightly notes, all of the delay has been due to the defendant's medical condition and his claimed inability to be ready for trial, or to his insistence on proceeding *pro se*. [DE 55 at 4]. When the delays are attributed to a defendant, it is difficult for him to then complain about the delays. *See United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005).

*2.    Res Judicata*

The second paragraph claims the prosecution is barred by the doctrine of *res judicata*. There is considerable overlap between the concepts of *res judicata* and double jeopardy in criminal cases, so the court has considered both possibilities. What matters for present purposes is what the two doctrines have in common. In order to have the effect of *res judicata*, a judgment in a criminal case must have been rendered in a trial. *See* 9 A.L.R. 3d 203, § 2(b) (updated weekly). With respect to double jeopardy, "jeopardy attaches when the jury is empaneled and sworn." *Crist v. Bretz*, 437 U.S. 28, 37 (1978). So, under either doctrine, it is a prerequisite that the trial on these issues at some point proceeded *at least* to the swearing-in of a petit jury. That never happened. Although this case nearly proceeded to trial on August 27, 2012, it stalled out before jury selection because the defendant unexpectedly required a trip to the emergency room. [DE 31]. And, there is no evidence anywhere in the record or in the defendant's motion suggesting that charges remotely similar to these have ever been brought against him in another proceeding. Neither *res judicata* nor double jeopardy applies in this case.

*3.    Fourth Amendment*

The third paragraph suggests that the evidence in this case should be excluded pursuant to the Fourth Amendment. Unlike the previous two arguments, the Fourth Amendment could at least potentially be relevant to this case. Bey was initially pulled over in a traffic stop, and evidence of his possession of the unlawful documents was obtained thereafter. But Bey did not develop this claim in the slightest. He does not even specify which facts he believes constituted a Fourth Amendment violation, let alone provide evidence in support of them, and at this late date the court will not scour the factual record in an effort to create its own argument in Bey's favor. Even though

3

*pro se* filings must be liberally construed, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Myles v. United States*, 416 F.3d 551, 552 (7th Cir.2005) (quoting *Pliler v. Ford*, 542 U.S. 225 (2004)). Moreover, this case is now long past the deadline for filing any pretrial motions, such as a motion to suppress. *See* Fed. R. Crim. P. 12(b)(3)(C). Bey's failure to file the motion in a timely manner means that it is waived. *See* Fed. R. Crim. P. 12(e). Still, Bey is not entirely on his own – he has the benefit of standby counsel. If Bey believes that the Fourth Amendment should require the exclusion of certain evidence, he may discuss the appropriate way to present that issue with standby counsel, and address it with the court during trial as an evidentiary issue. At this point, without more, his apparent motion to suppress must be denied.

In conclusion, Bey's motion to dismiss [DE 52] is **DENIED**. Additionally, his other recent filing [DE 53] is hereby **STRICKEN** from the record. It is incomprehensible and totally inapplicable to this case. If Bey needs to subpoena evidence or witnesses relevant to *this* case, he should consult with standby counsel as to the best way to do so. He does not need to file any more such documents with the court.

SO ORDERED.

ENTERED:  March 20, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court